FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2016 SEP 20  PM 3: 39

CASE NO.:

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

AUBREY WALKER,

      Plaintiff,

vs.

3:16-cv-1195-J-34PDB

LAZER SPOT, INC.,

      Defendant.

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, AUBREY WALKER through counsel, sues Defendant, LAZER SPOT, INC. and alleges the following:

1. This is an action for unpaid minimum wage brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

2. Plaintiff resides in this Court's jurisdiction and is a former employee of Defendant.

3. Defendant, LAZER SPOT, INC. is a foreign corporation conducting business within this judicial district.

4. At all times material hereto, Defendant LAZER SPOT, INC. was engaged in commerce by providing third party yard management services including, but not limited to, spotting, shuttling within 100 air miles, trailer rentals, gate personnel staffing, and computerized yard management systems and training. In furtherance of said business, Defendant's employees handled, sold, or otherwise worked on goods or materials that have been moved in or produced for such commerce and

further used equipment and tools that had moved in interstate commerce to fulfill their daily job responsibilities.

5. At all times material hereto, Defendant LAZER SPOT, INC., was the "Employer" of Plaintiff as that term is defined under the statutes referenced herein and was an "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. In justifiable reliance upon Defendant's representations and promises regarding Plaintiff's employment, Plaintiff AUBREY WALKER accepted employment and began working for Defendant as a lead spotter.

7. During Plaintiff, AUBREY WALKER'S, employment from on or about **June 25, 2014 through the present**, Plaintiff accrued damages representing unpaid overtime premiums. Specifically, Plaintiff is compensated his hourly rate for all hours worked, regardless of whether they are overtime hours or not.

8. On average Plaintiff works anywhere from 58 to 60 hours per week.

9. Defendant owes Plaintiff $35,739.00 in back wages and liquidated damages (114 weeks x 19 hours x $16.50 x .5 OT rate x 2 liquidated damages).

10. Defendant knowingly and willfully failed to tender payment of wages owed to Plaintiff.

11. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

12. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

2

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

13. Plaintiff reavers and realleges paragraphs 1-12 herein.

14. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) overtime wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

15. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendant for damages plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Goldberg & Loren, P.A.
100 South Pine Island Rd – Suite 132
Plantation, FL 33324
Phone: (954)585-4878
Facsimile: (954)585-4886
E-Mail: JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409

3