# Exhibit 1

## WAGE & HOUR SETTLEMENT AND RELEASE AGREEMENT

This Wage & Hour Settlement and Release Agreement (the "Agreement") is made by and between, on the one hand, LAZER SPOT, INC., on behalf of itself and its respective officers, employees, agents, directors, representatives, successors, assigns, affiliates, subsidiaries, parents, owners, and shareholders ("Defendant") and, on the other hand, AUBREY WALKER, on behalf of himself and his respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Plaintiff"). Plaintiff and Defendant are collectively referred to as "the Parties."

## RECITALS

WHEREAS, a dispute exists between the Parties arising out of or generally relating to Plaintiff's employment with Defendant, which resulted in Plaintiff commencing the case captioned *Aubrey Walker v. Lazer Spot, Inc.,* Case No. 3:16-cv-1195-MMH-PDB (the "Litigation") in the United States District Court, Middle District of Florida, Jacksonville Division (the "Court") on or about September 20, 2016 (Dkt. No. 1) (hereinafter the "Complaint");

WHEREAS, Plaintiff alleged in the Complaint that Defendant denied Plaintiff proper overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*;

WHEREAS, Defendant denied, and continues to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Complaint;

WHEREAS, Plaintiff concluded, following the early exchange of discovery, that there was a significant likelihood that the Court would determine that Defendant properly classified Plaintiff as exempt pursuant to the Motor Carrier Act exemption under 29 U.S.C. § 213(b)(1);

WHEREAS, the Parties wish to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, the Parties desire—without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Defendant—to effect a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Defendant arising out of or relating to his employment with Defendant (whether asserted in the Complaint or not) from the beginning of time through the date of entry of this Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1. **Dismissal of the Litigation.** The Parties agree that after all Parties have executed this Agreement, they will jointly request that the Court review and approve the Agreement and dismiss the Litigation with prejudice.

2. **Consideration.** In consideration for the promises Plaintiff has made in this Agreement, Defendant agrees to pay to Plaintiff and his counsel the total amount of Four Thousand Two Hundred Fifty Dollars and Zero Cents ($4,250.00) (the "Gross Settlement Amount"), which is allocated as follows:

(a) Defendant shall issue a check payable to Plaintiff in the amount of Nine Hundred Fifty Dollars and Fifty Cents ($950.50) in settlement of Plaintiff's alleged liquidated damages and/or interest on back wages. Plaintiff agrees to indemnify and hold Defendant harmless for any tax liability, penalty, interest, cost, or expense incurred by it as a result of the fact that it did not deduct federal income taxes, Social Security taxes, or other withholdings from this sum, or otherwise treat this sum as taxable wages to Plaintiff. Defendant shall issue a Form 1099 to Plaintiff in connection with this payment.

(b) Defendant shall issue a check payable to Plaintiff in the amount of amount of Nine Hundred Fifty Dollars and Fifty Cents ($950.50) in settlement of Plaintiff's alleged unpaid overtime wages. Applicable statutory deductions, including state and federal income taxes and Social Security taxes, shall be withheld by Defendant from this sum as if the sum were an annualized salary. Defendant shall issue a Form W-2 to Plaintiff in connection with this payment; and

(c) Defendant shall issue a check payable to the Law Offices of Goldberg & Loren, P.A. in the gross sum of amount of Two Thousand Three Hundred Forty-Nine Dollars and No Cents ($2,349.00), or such other lesser amount as ordered by the Court, as payment of Plaintiff's attorneys' fees and costs for Plaintiff's claims. Defendant will issue will issue Forms 1099 to Plaintiff and the Law Offices of Goldberg & Loren, P.A. in connection with this payment

(d) Plaintiff and Plaintiff's attorneys shall provide Defendant with completed and executed IRS Forms W-9 (and any other necessary tax forms requested by Defendant) in order to facilitate payment of the settlement proceeds.

(e) Plaintiff agrees to indemnify and hold Defendant harmless with respect to any taxes, interest, or penalties related to payments of the Gross Settlement Amount. Defendant does not make any warranty or representation to Plaintiff or his counsel regarding the tax consequences of these payments.

3. **Agreement Concerning Attorneys' Fees and Costs.** The Parties agree that, except as otherwise provided in Paragraph 2, the Parties will bear their own attorneys' fees and costs incurred as a result of or related to the Litigation, and no party owes another any fees or costs.

4. **Timing of Payment.** The consideration referenced in Paragraph 2 will be delivered to Plaintiff's counsel within fifteen (15) business days after the entry of the Court's final order dismissing with prejudice all of Plaintiff's claims asserted against Defendant in the Litigation.

5. **Waiver and Release of Wage and Hour Claims by Plaintiff.** In exchange for the payments set forth above, and other good and valuable consideration, the receipt and

sufficiency of which is hereby acknowledged, Plaintiff fully and completely waives, releases, and forever discharges Defendant, and each of its predecessors; successors; all former, current, and future related companies, divisions, subsidiaries, affiliates, and parents; and collectively, its respective former, current, and future directors, officers, members, employees, agents, and representatives (collectively, the "Released Parties"), from any and all claims, rights, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action contingent or accrued for, which relate to any and all applicable federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, unpaid overtime compensation, unpaid minimum wages, liquidated damages, punitive damages, interest, and attorneys' fees and expenses, whether known or unknown. This includes all claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and any applicable state laws (e.g., claims under any state statute, regulation, or for breach of contract and/or quantum meruit).

6. **Covenant Not To Sue.** A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court. It is different than the release contained in Paragraph 5 above. Plaintiff agrees not to sue any of the Released Parties in any forum for any claim covered by the waiver and release in Paragraph 5. If Plaintiff violates this Agreement by suing the Released Parties, Plaintiff shall be liable to such Released Parties named as parties to such lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit. This Paragraph shall not apply if Plaintiff sues to enforce the terms of this Agreement or for a breach of this Agreement.

7. **Rights And Claims Excluded From Waiver And Release.** This Agreement does not waive any rights that cannot be waived by law. Plaintiff does not waive the right to recover money or benefits in connection with his pending claim for workers' compensation benefits, which is currently proceeding under the caption of *Aubrey Walker v. Lazer Spot, Inc. and Strategic Comp*, OJCC Case No. 17-000473WRH.

8. **No Admission of Liability.** The Parties agree and acknowledge that this Agreement is the result of a compromise and that Defendant does not admit any allegations made against it in any claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, or demands, including the Litigation. Nothing contained in this Agreement, nor any of the acts taken hereunder, shall be deemed or construed as an admission of liability, responsibility, wrongdoing, or violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

9. **Consideration Period.** Plaintiff represents and warrants that he has been encouraged to seek advice from anyone of his choosing, including his attorney, accountant, or tax advisor prior to signing this Agreement; that this Agreement represents written notice that he do so; that he has been given the opportunity and sufficient time to seek such advice; that he has obtained advice from his counsel about the terms of this Agreement; that he has carefully read and fully understands all of the provisions of this Agreement; and that he is voluntarily entering into this Agreement. Plaintiff understands that he may take up to seven (7) days to consider whether or not he desires to enter into this Agreement. Plaintiff further represents and warrants that he was not coerced, threatened, or otherwise forced to sign this Agreement, and that his signature appearing hereinafter is genuine.

**10. Additional Agreements by Plaintiff.** Plaintiff also acknowledges and agrees that:

(f) Plaintiff is waiving any right to appeal in the Litigation; and

(g) The settlement described herein, including the consideration described above, is contingent entirely upon: (i) the full execution of this Agreement by the Parties; and (ii) the entry of the Court's final order dismissing with prejudice all of Plaintiff's claims asserted against Defendant in the Litigation. If any of these conditions are not met, then the settlement and this Agreement will become voidable by Defendant at its sole discretion. If Defendant voids this Agreement as permitted by this Paragraph, the Agreement shall become invalid as to all Parties, and Defendant's obligation to pay the consideration described in Paragraph 2 shall cease.

**11. Knowing and Voluntary Waiver.** The Parties acknowledge and agree that they are and have been represented by legal counsel throughout the Litigation, and that they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**12. Miscellaneous.**

(a) **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

(b) **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in this Agreement is deemed illegal, invalid, or unenforceable, in whole or in part, Defendant's obligations under this Agreement shall be nullified.

(c) **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties concerning the subjects addressed herein. This Agreement may not be changed, altered, or supplemented except in writing, signed by all Parties.

(d) **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

(e) **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed a single instrument.

(f) **Facsimile/Email Signatures.**  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

(g) **Corporate Signatories.**  Each person executing this Agreement, including execution on behalf of Defendant, warrants and represents that such person has the authority to do so.

**AUBREY WALKER**

*Aubrey Walker*
Aubrey Walker (May 27, 2017)

Date: _____

**LAZER SPOT, INC.**

By: _Rhonda Wilcox McCurtain_

Title: _General Counsel_

Date: _6.8.17_

5